**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**CORPUS CHRISTI DIVISION**

| | | |
|---|---|---|
| **TRINIDAD ROSE TREJO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **C.A. NO. __________** |
| | § | |
| **DAVOL, INC. AND C. R. BARD, INC.,** | § | |
| | § | |
| **Defendants.** | § | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Trinidad Rose Trejo (hereinafter "Plaintiff"), by and through her attorneys, files this her ORIGINAL COMPLAINT, alleging the following, upon information and belief:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against C. R. Bard, Inc. (hereinafter "Bard") and its wholly owned subsidiary Davol, Inc. (hereinafter "Davol") to recover damages and/or equitable relief for their design, manufacture, testing, marketing, promoting, distribution and sale of defective Composix® Kugel® Mesh Patches (hereinafter "Kugel Patch").

**PARTIES**

2. Plaintiff Trinidad Rose Trejo is a citizen and resident of the County of Kleberg, State of Texas.

3. Defendant Davol, Inc. is a corporation organized and existing under the laws of the State of Rhode Island with its principal place of business at 100 Sockanosset Crossroad, Cranston, Rhode Island 20920. Davol is a wholly owned subsidiary of C. R. Bard, Inc. and, together with C. R. Bard, Inc., designed, manufactured, tested, marketed, promoted, distributed and sold the Kugel Patch to be surgically implanted in patients throughout the United States, including in the

States of Texas and Rhode Island. Davol has a registered agent in Rhode Island at CT Corporation System, 10 Weybosset St., Providence, Rhode Island.

4. Defendant C. R. Bard, Inc. is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business at 730 Central Avenue, Murray Hill, New Jersey 07974. Bard is the corporate parent/stockholder of Davol and, together with Davol, Inc., designed, manufactured, tested, marketed, promoted, distributed and sold the Kugel Patch to be surgically implanted in patients throughout the United States, including in the States of Texas and Rhode Island. Bard has a registered agent in Texas at CT Corporation System, 350 N. Saint Paul Street, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because Plaintiff's claim is valued at more than seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, and there is complete diversity of citizenship.

6. Venue is proper in this District pursuant to 28 U.S.C. §1391(a) because Defendants conduct business in this District and a substantial part of the events or omissions giving rise to the claims asserted herein arose in this District.

## FACTUAL ALLEGATIONS

7. Plaintiff brings this action to recover damages and/or equitable relief from Defendants, and each of them, who designed, manufactured, tested, marketed, promoted, distributed and sold a product known as the Kugel Patch.

8. The Kugel Patches were sold by Defendants for implantation in patients in the course of hernia repair surgery.

9. A hernia is an abnormal opening or a tear in tissue that lets other organs, such as the intestine, slip through where they should not. Hernias usually appear in the groin or the abdominal wall. Some hernias, though, occur in the area where an incision has been made during another surgery. While some hernias can go undetected, most require surgery.

10. In the late 1990's, a breakthrough product for hernia surgeries was announced – the Bard Composix® Kugel® Mesh Patch. By that time, mesh patches had already become a common treatment for post-operative hernias. What made the Kugel Patch unique however, was its patented "recoil ring" which allowed the patch to be folded then popped into place over the tear. This technology was trumpeted to mean smaller incisions, fewer stitches, less pain and, as a result, shorter recovery periods.

11. The Kugel Patch was approved by the FDA in November of 1996, after which Defendants began marketing and selling it.

12. In 2002, Defendants introduced a new, larger Kugel Patch.

13. Soon after the 2002 release, Defendants, despite beginning to receive a high number of reports of broken Kugel Patches from doctors, continued selling the Kugel Patch without informing the FDA of the increase in complaints.

14. These reports indicated that the plastic "memory-recoil ring" tended to break, resulting in injury to internal organs and tissue, leading to side effects including chronic intestinal fistulas, bowel obstruction and bowel perforations.

15. In March 31, 2003, Plaintiff underwent surgery at Christus Spohn Kleberg Hospital in Kingsville, Texas to repair a ventral hernia with mesh patch.

16. In the months and years that followed Plaintiff's March 31, 2003 hernia repair surgery, Plaintiff developed an ever worsening list of debilitating complaints and problems that included severe abdominal pain, tenderness, nausea and bowel obstruction.

17. In August 2005, Defendants stopped manufacturing the Kugel extra-large Patches, admitting that the memory-recoil ring did not adequately withstand the stress of surgical placement.

18. On December 22, 2005, the FDA issued the first Class I Recall of various lots of the Kugel Patches.

19. An FDA Class I recall is issued for problems related to medical devices that are potentially life-threatening or could cause a serious risk to health.

20. The Class I Recall was expanded in subsequent recalls on March 31, 2006 and January 24, 2007 to encompass six (6) different sizes of Kugel Patches.

21. After years of complaints, examination and several procedures, on June 28, 2006, Plaintiff underwent surgery at Christus Spohn Kleberg Hospital in Kingsville, Texas to address her continuing physical problems and to remove "infected mesh."

22. Plaintiff has suffered and will continue to suffer physical pain and mental anguish.

23. Plaintiff has incurred and will continue to incur substantial medical bills.

**FIRST CAUSE OF ACTION - NEGLIGENCE**

24. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this Complaint as though fully set forth herein.

25. Defendants Davol and Bard were negligent to Plaintiff in the following respects:

26. Defendants Davol and Bard at all times mentioned had a duty to properly manufacture, test, inspect, package, label, distribute, market, examine, maintain, supply, provide proper warnings and prepare for use the Kugel Patch.

27. Defendants Davol and Bard at all times mentioned knew or in the exercise of reasonable care should have known that the Kugel Patches were of such a nature that they were not properly manufactured, tested, inspected, packaged, labeled, distributed, marketed, examined, sold supplied, prepared and/or provided with the proper warnings and were reasonably likely to injure Kugel Patch users.

28. Defendants Davol and Bard so negligently and carelessly designed, manufactured, tested, failed to test, inspected, packaged, labeled, distributed, recommended, displayed, sold, examined and/or supplied the Kugel Patches, that they were dangerous and unsafe for the use and purpose for which they were intended.

29. Defendants Davol and Bard were aware of the probable consequences of the Kugel Patch. Defendants Davol and Bard knew or should have known the Kugel Patch would cause serious injury yet they failed to disclose the unknown or knowable risks associated with the Kugel Patch. Defendants Davol and Bard willfully and deliberately failed to avoid those consequences, and in doing so, Defendants Davol and Bard acted in conscious disregard of the safety of Plaintiff.

30. Defendants Davol and Bard owed a duty to Plaintiff to adequately warn her and her treating physicians, of the risks of breakage, separation, tearing and splitting associated with the Kugel Patch and the resulting harm and risk it would cause patients.

31. Defendants Davol and Bard breached their duty by failing to comply with state and federal regulations concerning the study, testing, design, development, manufacture, inspection, production, advertisement, marketing, promotion, distribution, and/or sale of the Kugel Patch.

32. As a direct and proximate result of the duties breached, the Kugel Patch used in Plaintiff's hernia repair surgery failed, resulting in Plaintiff suffering pain and harm.

33. As a direct and proximate result of Defendant Davol's and Defendant Bard's negligence, Plaintiff has suffered injuries and damages.

34. Defendant Davol's and Defendant Bard's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Defendant Davol, Defendant Bard and others from similar conduct in the future.

**SECOND CAUSE OF ACTION - STRICT PRODUCT LIABILITY**

35. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this Complaint as though fully set forth herein.

36. Defendant Davol and Bard are strictly liable to Plaintiff in the following respects:

37. Defendants Davol and Bard designed, manufactured, assembled, distributed, conveyed and/or sold the Kugel Patch for hernia repair surgery.

38. The Kugel Patches were defective because they failed to perform safely and effectively for the purpose they were originally designed.

39. At all time mentioned, the Kugel Patch was substantially in the same condition as when it left the possession of Defendant Davol.

40. The Kugel Patch implanted into Plaintiff was being used in a manner reasonably anticipated at the time it was implanted in her by her surgeon.

41. The Kugel Patches, like the one implanted into Plaintiff, were inherently dangerous for their intended use at the time they left the possession of Defendants Davol and Bard and were unreasonably dangerous products which presented and constituted an unreasonable risk of danger and injury to Plaintiff as follows:

a. The Kugel Patch was sold in a defective condition by design and manufacture;

b. The Kugel Patch as designed and manufactured was unsafe to Plaintiff;

c. The Kugel Patch as designed and manufactured was unreasonably dangerous to Plaintiff;

d. The Kugel Patch did not perform safely as an ordinary consumer/patient like Plaintiff, would expect;

e. The Kugel Patch as designed and manufactured was unsafe for its intended use;

f. Defendants Davol and Bard failed to warn the end user about the dangers and risks of the product;

g. Defendants Davol and Bard knew the component parts of the Kugel Patch as implemented through design and/or manufacture could cause injury to the end user;

h. Failing to implement an adequate, safe and effective "memory recoil ring" and/or its interaction with the mesh of the Kugel Patch to withstand the foreseeable stresses they would be subject to within the intra-abdominal space;

i. Failing to avoid migration of the Kugel Patch and/or its components from the initial site of the hernia repair surgery;

j. Any other acts or failures to act by Defendant Davol or Defendant Bard regarding the studying, testing, designing, developing, manufacturing, inspecting,

producing, advertising, marketing, promoting, distributing and/or sale of Kugel Patches for hernia repair surgery as will be learned through discovery.

42. Defendants Davol's and Defendant Bard's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Defendant Davol, Defendant Bard and others from similar conduct in the future.

**THIRD CAUSE OF ACTION - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

43. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this Complaint as though fully set forth herein.

44. Defendants Davol and Bard are liable to Plaintiff for the intentional infliction of emotional distress in the following respects:

45. Plaintiff suffered severe emotional distress, which was as a result of Defendant Davol's and Defendant Bard's extreme outrageous, intentional, willful and reckless conduct in studying, designing, developing, testing, inspecting, manufacturing, producing, advertising, marketing, promoting, distributing, and/or sale of the Kugel Patch for hernia repair surgery.

46. Plaintiff suffered severe emotional distress, which was a result of Defendant Davol's and Defendant Bard's extreme, outrageous, intentional, willful, and reckless conduct in failing to adequately and safely design and construct an effective and safe Kugel Patch for hernia repair surgery, in complete and reckless disregard of safety to Plaintiff.

47. Defendant Davol's and Defendant Bard's conduct in continuing to market, sell and distribute the Kugel Patch after obtaining knowledge they were failing and not performing as

represented and intended, showed complete indifference to or a conscious disregard for the safety of others justifying an award of additional damages for aggravating circumstances in such a sum which will serve to deter Defendant Davol, Defendant Bard and others from similar conduct in the future.

**FOURTH CAUSE OF ACTION - BREACH OF IMPLIED WARRANTY**

48. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this Complaint as though fully set forth herein.

49. Defendants Davol and Bard are liable to Plaintiff for their breach of implied warranty in the following respects:

50. Defendants Davol and Bard sold the Kugel Patch which was implanted in Plaintiff. Defendants Davol and Bard impliedly warranted to Plaintiff, her physicians and healthcare providers, that the Kugel Patch was of merchantable quality and safe for the use for which it was intended.

51. Defendants Davol and Bard knew or should have known that the Kugel Patch at the time of sale was intended to be used for the purpose of surgically implanting them into the body for hernia repair.

52. Plaintiff, her physicians and health care providers reasonably relied on Defendant Davol's and Defendant Bard's judgment, indications and statements that the Kugel Patch was fit for such use.

53. When the Kugel Patch was distributed into the stream of commerce and sold by Defendants DAVOL and BARD, it was unsafe for its intended use, and not of merchantable quality, as warranted by Davol and Bard, in that it had very dangerous propensities when used as

intended and implanted into a patient's body where they could cause serious injury or harm to the end user.

54. Plaintiff suffered such injuries and damages as a result of Defendant Davol's and Defendant Bard's conduct and actions.

## FIFTH CAUSE OF ACTION - FAILURE TO WARN

55. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this Complaint as though fully set forth herein.

56. In the course of business, Defendants Davol and Bard designed, manufactured and sold the Kugel Patch to Christus Spohn Hospital Kleberg for hernia repair surgeries.

57. At the time of the design, manufacture and sale of the Kugel Patch, and more specifically at the time Plaintiff received the Kugel Patch, it was defective and unreasonably dangerous when put to its intended and reasonably anticipated use. Further, the Kugel Patch was not accompanied by proper warnings regarding significant adverse consequences associated with the Kugel Patch.

58. Defendants Davol and Bard failed to provide any warnings, labels or instructions of its dangerous propensities that were known or reasonably scientifically knowable at the time of distribution. The reasonably foreseeable use of the product involved significant dangers not readily obvious to the ordinary user of the product. Defendants Davol and Bard failed to warn of the known or knowable injuries associated with malfunction of the Kugel Patch, including but not limited to rupture of the Kugel Patch and severe peritonitis and infection which would require subsequent surgical procedures and could result in severe injuries.

59. The dangerous and defective conditions in the Kugel Patch existed at the time they were delivered by the manufacturer to the distributor. At the time Plaintiff had her hernia repair surgery, the Kugel Patch was in the same condition as when manufactured, distributed and sold.

60. Plaintiff did not know at the time of use of the Kugel Patch, nor at any time prior thereto, of the existence of the defects in the Kugel Patch.

61. Plaintiff suffered the aforementioned injuries and damages as a direct result of Defendant Davol's and Defendant Bard's failure to warn.

62. The conduct of Defendants Davol and Bard in continuing to market, promote, sell and distribute the Kugel Patch after obtaining knowledge that the products were failing and not performing as represented and intended, showed a complete indifference to or conscious disregard for the safety of others justifying an award in such sum which will serve to deter Defendant Davol, Defendant Bard and others from similar conduct.

## SIXTH CAUSE OF ACTION – UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER RHODE ISLAND STATE LAW

63. Plaintiff re-alleges and incorporates by reference each and every allegation contained in this Complaint as though fully set forth herein.

64. At all time relevant, Defendants Davol and Bard were engaged in the design, manufacture, assembly, distribution, conveyance and/or sale of the Kugel Patch in their ordinary course of business. Defendants Davol and Bard designed, manufactured, assembled and sold the devices to hospitals and physicians knowing they would be thereby sold to patients who required hernia repair surgery, including Plaintiff.

65. Defendant Davol and Bard has a statutory duty to refrain from unfair or deceptive acts or practices in the design, development, manufacture, promotion and sale of the Kugel Patches.

66. Plaintiff is a consumer of the defective product and was injured by Defendants Davol and Bard's deceptive and unfair acts.

67. Had Defendants Davol and Bard not engaged in the deceptive conduct described above, Plaintiff would not have purchased and/or paid for the Kugel Patch, would not have incurred related medical costs and would not continue to incur these costs.

68. Defendant Davol's and Defendant Bard's representations and material omissions to patients, physicians and consumers constituted unfair and deceptive acts or practices in violation of R.I. Gen. Laws § 6-13.14, et seq.

69. Defendants Davol and Bard engaged in wrongful conduct while at the same time obtaining, under false pretenses, substantial sums of money from Plaintiff for the Kugel Patch and/or for the costs of removing that she would not have paid had Defendant Davol and Bard not engaged in unfair and deceptive conduct.

70. Plaintiff was injured by the cumulative and indivisible nature of Defendant Davol and Defendant Bard's conduct. The purpose of that conduct, directed at patients, physicians and consumers, was to create demand for and to sell the Kugel Patches. Each aspect of Defendant Davol's and Defendant Bard's conduct combined to artificially create sales of the Kugel Patches.

71. As a direct and proximate result of Defendants Davol and Bard, Plaintiff has incurred and will likely continue to incur medical costs relating to the Kugel Patch, including medical monitoring and/or other hospital costs, in an amount to be proven at trial.

72. As a direct and proximate result of Defendant Davol's and Defendant Bard's wrongful conduct, Plaintiff is entitled to injunctive relief in the form of a court supervised medical monitoring program, punitive damages, attorneys fees, and costs of suit.

## JURY DEMAND

73. Plaintiff hereby demands a trial by jury in this case.

WHEREFORE, Plaintiff Trinidad Rose Trejo respectfully prays that this Court:

74. Grant Plaintiff judgment against Defendants, jointly and severally, for all lawful damages, including punitive damages against Defendants, as stated more fully herein.

75. Grant Plaintiff the maximum amount of pre- and post-judgment interest permitted by law.

76. Grant Plaintiff attorneys' fees and costs.

77. Grant such additional relief as the Court deems proper and just.

Dated this ____ day of June, 2008.

Respectfully submitted,

**CHAVES, RESENDEZ & RIVERO, L.L.P.**

Frost Bank Plaza
802 N. Carancahua, Suite 2100
Corpus Christi, Texas 78470
(361) 884-5400
(361) 888-5790 Facsimile

By: /s/ Rene L. Obregon
RENE L. OBREGON
State Bar No. 24005445
Southern Bar District ID No. 33188

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

JS 44 (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
TREJO, TRINIDAD R.

**(b)** County of Residence of First Listed Plaintiff Kleberg
(EXCEPT IN U.S. PLAINTIFF CASES)

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
CHAVES, RESENDEZ & RIVERO, L.L.P., 802 N. Carancahua, Suite 2100, Corpus Christi, TX 78470 Tele: (361) 884-5400

**DEFENDANTS**
DAVOL, INC. and C.R. BARD, INC.

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury - Med. Malpractice
☒ 365 Personal Injury - Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 445 Amer. w/Disabilities - Employment
☐ 446 Amer. w/Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus - Alien Detainee
☐ 465 Other Immigration Actions

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 890 Other Statutory Actions
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
28 U.S.C. §1332; 28 U.S.C. §1391(a)

Brief description of cause:
Products Liability - Defective Hernia Mesh

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

(See instructions): JUDGE DOCKET NUMBER

DATE
06/27/2008

SIGNATURE OF ATTORNEY OF RECORD
/s/ Rene L. Obregon

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE